Res, J.
The transcript of the entries made by the justice of the peace on his docket, at the preliminary examination of the charge against the plaintiff in error, which, it is claimed, was erroneously admitted in evidence on the trial, was offered by the state, and admitted by the court, for the sole purpose of proving the breaking and entering, *596 charged in the indictment. The jury, by their finding’ and verdict, acquitted the plaintiff in error of that charge* and found him guilty of the larceny only; and hence, as he, was not prejudiced thereby, the question whether it was admissible or not, can not in any manner- affect the case as it now stands, nor furnish ground upon which a reviewing court can arrest the judgment on the verdict rendered-.
It is claimed that the court erred in. refusing to instruct, the jury as requested by the plaintiff in error. The requests that were not included in the charge given to the-jury assume that there was -evidence in the case tending to-prove: 1. That the plaintiff’in .error was intrusted with the custody, care, and control of the goods stolen, and employed in their transportation; and 2. That Angel and Bergett aided in and incited the plaintiff in error to the commission of the offenses charged in the indictment, and that the acts of these persons in the premises were done-under the authority and with the knowledge and consent of the Pennsylvania Company.
The evidence set out in the bill of exceptions does not sustain these assumptions. The fact proven by the state,, that he was a brakeman on the train in which the goods-stolen were being transported, does not necessarily imply that he was intrusted with their care, custody, or control*, or employed in their transportation. Neither do the facts-also proven by the state, that Angel, who was employed, on the train as a detective, and Bergett, who was directed by the company to assist him, were present and saw the-crime c'ommitted, necessarily imply the knowledge and consent of the company to the acts committed by the plaintiff in ei’ror. If the facts that the plaintiff in .error was employed in the transportation of the goods in question, or that Angel or Bergett aided in or incited the plaintiff in error to the commission of the offense charged, were relied on as a defense, they should have been shown affirmatively*, and will not be presumed in the absence of such evidence,
"W e are* therefore, of opinion that the court did not err *597 in refusing to instruct the jury as requested by the plaintiff in error.
The instructions given by the court to the jury we find to be substantially correct, and we also find that the ver<dict is sustained by the evidence set out in the bill of exceptions.
We are, therefore, of opinion that the court did not err in overruling the motion of the plaintiff in error for a new ■trial.

Motion overruled.

Day, O. J., McIlvaine, Welch, and White, JT„ concurring.